S Bateman 21338510
C/o: CAFCC
1155 N. Pinal Pkwy Ave
Florence, AZ 85132

✓ FILED _____ LODGED
_____ RECEIVED _____ COPY

JUL 1 9 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY KH _____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| United States of America,<br><br>Plaintiff,<br><br>Vs.<br><br>SAMUEL RAPPYLEE BATEMAN,<br><br>Defendant. | § § § § § § § § § § § § | Case No.: CR-22-08092-001-PCT-DGC<br><br>EMERGENCY MOTION TO COMPEL DISCLOSABLE AND DISCOVERABLE EXCULPATORY EVIDENCE – ALSO IN SUPPORT OF MOTION TO DISMISS |
|---|---|---|

## TO CLERK OF THE ABOVE DISTRICT COURT:

See below: The court is looking for an ACCEPTOR, as the PRINCIPAL has the primary obligation to pay or discharge any instrument presented for acceptance. See ACCEPTANCE UCC 3-410. I will plead guilty to the facts, but not the crimes, but first I need to make sure there is an ACCEPTANCE BOND? Whoever filed the complaint is making a CLAIM on me and in the Jurisdiction of Admirality you can not make a CLAIM unless you BOND your CLAIM. A BID BOND is what gets filled out and if the defendant, or accused, does not close, settle, pay, or discharge the claim he defaults, or dishonors the court. The BID BOND, PERFORMANCE BOND, and PAYMENT BONDS get sold to the District Courts, then insurance companies buy them and sell them mostly to Japanese and Chinese companies, which becomes the primary collateral source of our economy.

PAGE 1 OF 13
CASE NO. CR-22-08092-001-PCT-DGC

The Defendant, ▮▮▮▮▮▮▮, Pro Se, respectfully moves the Court for an order compelling the Plaintiff to pursuant to (but not limited to) the authority of Court Order [ADC Doc. 5] FRCrP § Rule 5(f); FRCrP § Rule 16(a)(1)(E)); Arizona Criminal Rule 16, and the Due Process Clause of the Fifth Amendment, of the United States Constitution and Fifth Amendment, Brady; Giglio, for an order to compel the Government to disclose and permit the Defendant in error to inspect and copy and/or subject the below-described tangible (original) documents objects which are in the possession (or reasonably available) to the prosecutor (s) for the United States of America.

These documents are material to the defense in that it is a complete defense **if** the items listed infra **do not exist or are materially defective** so as to prevent the Court from having jurisdiction to proceed to trial on the merits.

For instance, if the arrest warrant does not exist or is materially defective the arrest was illegal and the complaint, information, or indictment against the Defendant in error all evidence improperly seized must be suppressed and / or the Defendant released forthwith.

Further, **if** the items seized at the time of arrest <u>and in the subsequent search</u> were seized without a search warrant or the search warrant was fraudulently obtained or materially defective the evidence seized was illegal and must be suppressed.

(a) Pleadings. The pleadings in a criminal proceeding are the indictment, the information, and the pleas of not guilty, guilty, and nolo contendere.

(b) Pretrial Motions.

(1) In General. A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Rule 47 applies to a pretrial motion.

(2) Motions That May Be Made at Any Time. A motion that the court lacks jurisdiction may be made at any time while the case is pending.

(3) Motions That Must Be Made Before Trial. The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:

**(A) a defect in instituting the prosecution, including:**

(i) **improper venue**;

(ii) preindictment delay;

(iii) a violation of the constitutional right to a speedy trial;

(iv) **selective or vindictive prosecution**; and

(v) **an error in the grand-jury proceeding or preliminary hearing**;

**(B) a defect in the indictment or information, including:**

(i) joining two or more offenses in the same count (duplicity);

(ii) charging the same offense in more than one count (multiplicity);

(iii) **lack of specificity**;

(iv) improper joinder; and

(v) **failure to state an offense**;

(C) **suppression of evidence**;

(D) **severance of charges or defendants under Rule 14**; and

(E) discovery under Rule 16.

(4) Notice of the Government's Intent to Use Evidence.

(A) At the Government's Discretion. At the arraignment or as soon afterward as practicable, the government may notify the defendant of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(C).

(B) At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

**(c) Deadline for a Pretrial Motion; Consequences of Not Making a Timely Motion.**

(1) Setting the Deadline. The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing. If the court does not set one, the deadline is the start of trial.

(2) Extending or Resetting the Deadline. At any time before trial, the court may extend or reset the deadline for pretrial motions.

(3) Consequences of Not Making a Timely Motion Under Rule 12(b)(3). If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause.

(d) Ruling on a Motion. The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. **When factual issues are involved in deciding a motion, the court must state its essential findings on the record**.

(e) [Reserved]

(f) Recording the Proceedings. All proceedings at a motion hearing, including any findings of fact and conclusions of law made orally by the court, must be recorded by a court reporter or a suitable recording device.

(g) Defendant's Continued Custody or Release Status. If the court grants a motion to dismiss based on a defect in instituting the prosecution, in the indictment, or in the information, it may order the defendant to be released or detained under 18 U.S.C. § 3142 for a specified time until a new indictment or information is filed. This rule does not affect any federal statutory period of limitations.

(h) Producing Statements at a Suppression Hearing. Rule 26.2 applies at a suppression hearing under Rule 12(b)(3)(C). At a suppression hearing, a law enforcement officer is considered a government witness.

(Fed. R. Crim. P. 12)

Further, the prosecutor is reminded of the FRCrP § 5(f):

(f) Reminder of Prosecutorial Obligation.

(1) In General. In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law.

(2) Formation of Order. Each judicial council in which a district court is located shall promulgate a model order for the purpose of paragraph (1) that the court may use as it determines is appropriate.

---

#### **\*\*\*\* *NOTICE* \*\*\*\***

*This Court and the prosecution are acting in excess of, or want of jurisdiction, absent a pre-existing warrant at the time of the arrest. Further, there appears to be no fact competent injured party with standing and under oath. Absent a lawful warrant and injured party natural person complainant; all subsequent acts to the arrest are the Fruit of the Poisonous Tree[2].*

---

[2] **Fruit-of-the-poisonous-tree doctrine.** (1948) Criminal procedure. The rule that evidence derived from an illegal search, arrest, or interrogation is inadmissible because the evidence (the "fruit") was tainted by the illegality (the "poisonous tree"). • Under this doctrine, for example, a murder weapon is inadmissible if the map showing its location and used to find it was seized during an illegal search. — Also termed fruits doctrine. See

- 4 -

**\*\*\*\* _ETHICAL STANDARDS FOR ATTORNEYS FOR THE GOVERNMENT_ \*\*\*\***

(a) _**An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State**_ _where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State._

(b) _The Attorney General shall make and amend rules of the Department of Justice to assure compliance with this section._

(c) _As used in this section, the term "attorney for the Government" includes any attorney described in section 77.2(a) of part 77 of title 28 of the Code of Federal Regulations and also includes any independent counsel, or employee of such a counsel, appointed under chapter 40._

_28 U.S.C.A. § 530B (West)_

---

The material discovery items requested are material to Defendant defense in that the requested discovery may disclose pretrial evidence (or lead to pre-trial evidence) that would show defects in the prosecutor in error's case. The requested discovery may identify potential failures of the prosecutor to properly follow procedural safeguards, that were set into place to protect the defendant's due process rights. Further, procedural safeguards are intended to ferret out a false or vindictive prosecution or prosecution with those who have ulterior and corrupt motives.

Also, to avoid the de facto officer doctrine[3] as well as protection from an officer that has exceeded or acts without any delegation of authority[4].

---

EXCLUSIONARY RULE; ATTENUATION DOCTRINE; INDEPENDENT-SOURCE RULE; INEVITABLE-ISCOVERY RULE. (FRUIT-OF-THE-POISONOUS-TREE DOCTRINE, Black's Law Dictionary (11th ed. 2019))

[3] **Officer de facto.** (di fak-toh) (18c) 1. An officer who exercises the duties of an office under color of an appointment or election, but who has failed to qualify for office for any one of various reasons, as by being under the required age, having failed to take the oath, having not furnished a required bond, or having taken office under a statute later declared unconstitutional. 2. Corporations. Someone who is acting under color of right and with apparent authority, but who is not legally a corporate officer. • The corporation is bound by all acts and contracts of an officer de facto in the same way as it is with those of an officer de jure. — Also termed de facto officer.

**Officer de jure.** (di joor-ee) (18c) 1. An officer who exercises the duties of an office for which the holder has fulfilled all the qualifications. (OFFICER, Black's Law Dictionary (11th ed. 2019))

**De facto officer.** One who, while in actual possession of the office, is not holding such in a manner prescribed by law. Trost v. Tynatishon, 12 Ill.App.3d 406, 299 N.E.2d 14.

Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the

DEF. EMERGENCY MOTION TO COMPEL DISCOVERY    CASE NO. CR 22-<u>8092-001-PCT-DGC</u>

agent himself may have been unaware of the limitations upon his authority. Federal Crop Insurance Corp. v. Merrill, 322 U.S. 380, at 384; 68 S. Ct. 1; 92 L.Ed.10, (1947).

See also Continental Casualty Co. v. United States, 113 F.2d 284, 286 (5th Cir. 1940)("Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their authority").

Persons dealing with the government are charged with knowing government statutes and regulations and they assume the risk that government agents may exceed their authority and provide misinformation. Lavin v. Marsh, 9th Cir., 1981, 644 F. 2d 1378, 1383.

All persons in the United States are chargeable with the knowledge of the Statutes at Large and it is well established that anyone who deals with the government assumes the risk that the agent acting in the governments behalf has exceeded the bounds of his authority. Bollow v. Federal Reserve Bank of San Francisco, 9th Cir, 1981, 650 F.2d 1093.

[4] DELEGATION OF AUTHORITY

The necessity for a federal employee to have delegated authority to act manifests itself in cases under the Federal Torts Claims Act (herein "FTCA"), 28 U.S.C. §1346(b). Under this law, the United States is liable for torts committed by its employees if so committed within the scope of their employment. If the act in question was not committed in the scope of employment, the employee is liable and the United States is not.

"There is also a general rule that if any officer- ministerial of otherwise- acts outside the scope of his jurisdiction and without authorization of law, he is liable in an action for damages for injuries suffered by a citizen as a result thereof." In Cooper v. O'Connor, 99 F.2d 135, 137, 138 (D.C. Cir. 1938)

IMMUNITY DEPENDS UPON DELEGATED AUTHORITY!

When a citizen challenges the acts of a federal or state official as being illegal, that official cannot just simply avoid liability based upon the fact that he is a public official. In United States v. Lee, 106 U.S. 196, 220, 221, 1 S.Ct. 240, 261 (1882), the United States claimed title to Arlington, Lee's estate, via a tax sale some years earlier, held to be void by the Court. In so voiding the title of the United States, the Court declared:

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives.

"Shall it be said... that the courts cannot give remedy when the citizen has been deprived of his property by force, his estate seized and converted to the use of the government without any lawful authority, without any process of law, and without any compensation, because the president has ordered it and his officers are in possession? If such be the law of this country, it sanctions a tyranny which has no existence in the monarchies of Europe, nor in any other government which has a just claim to well-regulated liberty and the protection of personal rights."

In Pierce v. United States ("The Floyd Acceptances"), 7 Wall. (74 U.S.) 666, 677 (1869)("We have no officers in this government from the President down to the most subordinate agent, who does not hold office under the law, with prescribed duties and limited authority")

Cunningham v. Macon, 109 U.S. 446, 452, 456, 3 S.Ct. 292, 297 (1883)("In these cases he is not sued as, or because he is, the officer of the government, but as an individual, and the court is not ousted of jurisdiction because he asserts authority as such officer. To make out his defense he must show that his authority was sufficient in law to protect him... It is no answer for the defendant to say I am an officer of the government and acted under its authority unless he shows the sufficiency of that authority"); and Poindexter v. Greenhow, 114 U.S. 270, 287, 5 S.Ct. 903, 912 (1885)., 114 U.S. 270, 287, 5 S.Ct. 903, 912 (1885).

Officer outside of their Jurisdiction personally liable!

DEF. EMERGENCY MOTION TO COMPEL DISCOVERY     CASE NO. CR 22-

08092-001-PCT-DGC

The necessity for a federal employee to have delegated authority to act not only is shown in the above cases, it also manifests itself in cases under the Federal Torts Claims Act (herein "FTCA"), 28 U.S.C. §1346(b). Under this law, the United States is liable for torts committed by its employees if so committed within the scope of their employment. If the act in question was not committed in the scope of employment, the employee is liable and the United States is not.

In Cooper v. O'Connor, 99 F.2d 135, 137, 138 (D.C. Cir. 1938), a banker was indicted, acquitted and then brought suit for malicious prosecution against the agents who caused his indictment. Regarding the rule that agents acting outside the scope of their authority are personally liable for their torts, the court stated:

"There is also a general rule that if any officer- ministerial of otherwise- acts outside the scope of his jurisdiction and without authorization of law, he is liable in an action for damages for injuries suffered by a citizen as a result thereof."

In Reagan v. Farmers Loan & Trust Co., 154 U.S. 362, 390, 14 S.Ct. 1047, 1051, 1052 (1894), the Court declared:

"A tax law, as it leaves the legislative hands, may not be obnoxious to any challenge; and yet the officers charged with the administration of that valid tax law may so act under it, in the matter of assessment or collection, as to work an illegal trespass upon the property rights of the individual. They may go beyond the powers thereby conferred, and when they do so the fact that they are assuming to act under a valid law will not oust the courts of jurisdiction to restrain their excessive and illegal acts."  See also Estrada v. Hills, 401 F.Supp. 429, 434 (N.D.Ill. 1975).

This rule that agents are personally liable for their acts outside the scope of their authority has not been modified or changed in any way over the years. In Barr v. Matteo, 360 U.S. 564, 572, 79 S.Ct. 1335, 1340 (1959), the Court stated that the immunity rules have always been subject to the "limitation upon that immunity that the official's act must have been within the scope of his powers." In Doe v. McMillan, 412 U.S. 306, 320, 93 S.Ct. 2018, 2028 (1973), it was held that the "scope of immunity has always been tied to the scope of... authority."

"Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their authority".  Continental Casualty Co. v. United States, 113 F.2d 284, 286 (5th Cir. 1940)

"Public officers possess only such authority as is conferred upon them by law and such authority must be exercised in the manner provided by law"  Phillips v. Fidalgo Island Packing Co., 238 F.2d 234 (9th Cir. 1956)

"Acting without statutory power at all, or misapplying one's statutory power, will result in a finding that such action was ultra vires"  Outboard Marine Corp. v. Thomas, 610 F.Supp. 1234, 1242 (N.D. Ill. 1985)

"[A]n unlawful or unauthorized exercise of power does not become legitimated or authorized by reason of habitude" In re Benny, 29 B.R. 754, 762 (N.D. Cal. 1983)

"[W]hen an officer acts wholly outside the scope of the powers granted to him by statute or constitutional provision, the official's actions have been considered to be unauthorized"  Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1523 (D.C. Cir. 1984)

If, however, the court determines that the conduct did violate a constitutional right, the second prong under Saucier requires the court to determine whether the violated right was "clearly established." A right is clearly established if the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

"The extent of the authority of the people's public agents is measured by the statute from which they derive their authority, not by their own acts and assumption of authority".  Sittler v. Board of Control of Michigan College of Mining and Technology, 333 Mich. 681, 53 N.W.2d 681, 684 (1952)

Express authority. Authority delegated to agent by words which expressly authorize him to do a delegable act. Authority which is directly granted to or conferred upon agent in express terms. That authority which principal intentionally confers upon his agent by manifestations to him. Epstein v. Corporacion Peruana de Vapores, D.C.N.Y., 325 F.Supp. 535, 537.

DEF. EMERGENCY MOTION TO COMPEL DISCOVERY    CASE NO. CR 22-

8092-001-PCT-DGC

DELEGATION OF AUTHORITY

The necessity for a federal employee to have delegated authority to act manifests itself in cases under the Federal Torts Claims Act (herein "FTCA"), 28 U.S.C. §1346(b). Under this law, the United States is liable for torts committed by its employees if so committed within the scope of their employment. If the act in question was not committed in the scope of employment, the employee is liable and the United States is not.

"There is also a general rule that if any officer- ministerial of otherwise- acts outside the scope of his jurisdiction and without authorization of law, he is liable in an action for damages for injuries suffered by a citizen as a result thereof." In Cooper v. O'Connor, 99 F.2d 135, 137, 138 (D.C. Cir. 1938)

IMMUNITY DEPENDS UPON DELEGATED AUTHORITY!

When a citizen challenges the acts of a federal or state official as being illegal, that official cannot just simply avoid liability based upon the fact that he is a public official. In United States v. Lee, 106 U.S. 196, 220, 221, 1 S.Ct. 240, 261 (1882), the United States claimed title to Arlington, Lee's estate, via a tax sale some years earlier, held to be void by the Court. In so voiding the title of the United States, the Court declared:

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives.

"Shall it be said... that the courts cannot give remedy when the citizen has been deprived of his property by force, his estate seized and converted to the use of the government without any

---

That which confers power to do a particular identical thing set forth and declared exactly, plainly, and directly with well-defined limits. An authority given in direct terms, definitely and explicitly, and not left to inference or implication, as distinguished from authority which is general, implied, or not directly stated or given. (Black's Law Dictionary, 6th ed., (1990) at pg. 581, col. 1)

lawful authority, without any process of law, and without any compensation, because the president has ordered it and his officers are in possession? If such be the law of this country, it sanctions a tyranny which has no existence in the monarchies of Europe, nor in any other government which has a just claim to well-regulated liberty and the protection of personal rights."

In Pierce v. United States ("The Floyd Acceptances"), 7 Wall. (74 U.S.) 666, 677 (1869)("We have no officers in this government from the President down to the most subordinate agent, who does not hold office under the law, with prescribed duties and limited authority")

Cunningham v. Macon, 109 U.S. 446, 452, 456, 3 S.Ct. 292, 297 (1883)("In these cases he is not sued as, or because he is, the officer of the government, but as an individual, and the court is not ousted of jurisdiction because he asserts authority as such officer. To make out his defense he must show that his authority was sufficient in law to protect him... It is no answer for the defendant to say I am an officer of the government and acted under its authority unless he shows the sufficiency of that authority"); and Poindexter v. Greenhow, 114 U.S. 270, 287, 5 S.Ct. 903, 912 (1885)., 114 U.S. 270, 287, 5 S.Ct. 903, 912 (1885).

Thus, an Officer outside of their Jurisdiction is personally liable!

The necessity for a federal employee to have delegated authority to act not only is shown in the above cases, it also manifests itself in cases under the Federal Torts Claims Act (herein "FTCA"), 28 U.S.C. §1346(b). Under this law, the United States is liable for torts committed by its employees <u>if so committed <b>within</b> the scope of their employment. <b>If the act in question was not committed in the scope of employment, the employee is liable and the United States is not</b></u>.

In Cooper v. O'Connor, 99 F.2d 135, 137, 138 (D.C. Cir. 1938), a banker was indicted, acquitted and then brought suit for malicious prosecution against the agents who caused his indictment. Regarding the rule that agents acting outside the scope of their authority are personally liable for their torts, the court stated:

"There is also a general rule that if any officer- ministerial of otherwise- acts outside the scope of his jurisdiction and without authorization of law, he is liable in an action for damages for injuries suffered by a citizen as a result thereof."

DEF. EMERGENCY MOTION TO COMPEL DISCOVERY    CASE NO. CR 22-███    8092-001-PCT-DGC

In Reagan v. Farmers Loan & Trust Co., 154 U.S. 362, 390, 14 S.Ct. 1047, 1051, 1052 (1894), the Court declared:

"A tax law, as it leaves the legislative hands, may not be obnoxious to any challenge; and yet the officers charged with the administration of that valid tax law may so act under it, in the matter of assessment or collection, as to work an illegal trespass upon the property rights of the individual. They may go beyond the powers thereby conferred, and when they do so the fact that they are assuming to act under a valid law will not oust the courts of jurisdiction to restrain their excessive and illegal acts." See also Estrada v. Hills, 401 F.Supp. 429, 434 (N.D.Ill. 1975).

**This rule that agents are personally liable for their acts outside the scope of their authority has not been modified or changed in any way over the years.** In Barr v. Matteo, 360 U.S. 564, 572, 79 S.Ct. 1335, 1340 (1959), the Court stated that the immunity rules have always been subject to the "limitation upon that immunity that the official's act must have been within the scope of his powers." In Doe v. McMillan, 412 U.S. 306, 320, 93 S.Ct. 2018, 2028 (1973), it was held that the "scope of immunity has always been tied to the scope of... authority."

"Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their authority". Continental Casualty Co. v. United States, 113 F.2d 284, 286 (5th Cir. 1940)

"Public officers possess only such authority as is conferred upon them by law and such authority must be exercised in the manner provided by law" Phillips v. Fidalgo Island Packing Co., 238 F.2d 234 (9th Cir. 1956)

**"Acting without statutory power at all, or misapplying one's statutory power, will result in a finding that such action was ultra vires"** Outboard Marine Corp. v. Thomas, 610 F.Supp. 1234, 1242 (N.D. Ill. 1985)

"[A]n unlawful or unauthorized exercise of power does not become legitimated or authorized by reason of habitude" In re Benny, 29 B.R. 754, 762 (N.D. Cal. 1983)

DEF. EMERGENCY MOTION TO COMPEL DISCOVERY     CASE NO. CR 22-████████ 8092-001-PCT-DGC

"[W]hen an officer acts wholly outside the scope of the powers granted to him by statute or constitutional provision, the official's actions have been considered to be unauthorized" Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1523 (D.C. Cir. 1984)

If, however, the court determines that the conduct did violate a constitutional right, the second prong under Saucier requires the court to determine whether the violated right was "clearly established." A right is clearly established if the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

"<u>The extent of the authority of the people's public agents **is measured by the statute from which they derive their authority, not by their own acts and assumption of authority**</u>". Sittler v. Board of Control of Michigan College of Mining and Technology, 333 Mich. 681, 53 N.W.2d 681, 684 (1952)

Express authority. Authority delegated to agent by words which expressly authorize him to do a delegable act. Authority which is directly granted to or conferred upon agent in express terms. That authority which principal intentionally confers upon his agent by manifestations to him. Epstein v. Corporacion Peruana de Vapores, D.C.N.Y., 325 F.Supp. 535, 537.

That which confers power to do a particular identical thing set forth and declared exactly, plainly, and directly with well-defined limits. An authority given in direct terms, definitely and explicitly, and not left to inference or implication, as distinguished from authority which is general, implied, or not directly stated or given. (Black's Law Dictionary, 6th ed., (1990) at pg. 581, col. 1)

The following discovery and exculpatory evidence must be provided to Defendant in error▪ ███████████

1. Copy of the original ████████████████ arrest warrant used to arrest Defendant ██████████████████████████████ (FRCrP § 4(c)(3)(A); United States Constitution, Amendment IV; Brady; Giglio)

DEF. EMERGENCY MOTION TO COMPEL DISCOVERY    CASE NO. CR 22-██████  8092-001-PCT-DGC

2. Copy of the search warrant used to search and seize any and ALL evidence the U.S. Marshall(s) or FBI or any other agency used to search the homes at 90 W. Johnson Ave; 80 E. Garden Ave; and the workplace at 260 W. Johnson Ave in Colorado City, AZ 86021.

3. Copy of any Complaint by a fact competant injured party "victim" sworn to and subscribed by an officer with authority to take the oath as required by Federal Rule Procedure §3.

4. Copy of the Pre-Trial services report, including all field notes, audio, or video that was taken during the Pre-Trial service investigation.

5. Certified copy of the arrest warrant and all related phone logs, phone or video recordings on body, dash, surveillance cameras, all investigation reports, and all officers reports as considered by the Magistrate under oath before being subscribed by the Magistrate. (LRCrim 9.1)

6. Certified copy of the Arrest Warrant witnessed by the Clerk and sealed by the Court Clerk. (LRCrim 9.1)

7. Copy of the Oath Dawn A. Martin, FBI Special Agent (Title 5 USC §3331)

8. Copy of Dawn A Martin Fidelity Bond. (Title 28 USC §1737)

9. Copy of Dimitri Sampson AUSA oath. (Title 5 USC. §3331)

10. Copy of Dimitri Sampson AUSA Fidelity Bond. (Title 28 USC §1737)

11. Copy of U.S. Magistrate Judge Eileen S. Willett's oath. (title 5 USC §3331)

12. Copy of Eileen S. Willett's Fidelity Bond. (Title 28 USC §453)

13. Copy of the testimony recorded verbatim by an electronic recording device, by a court reporter, or in writing; as required under FRCrP §4.1(b), et seq.

14. Copy of ALL evidence, field notes, faxes, memos, audio, video, and missives or documents of any kind to be used by the witness for

PAGE 12 OF ___

CASE NO. CR-22-8092-001-PCT-DGC

the GOVERNMENT "Dawn A. Martin".

15. Copy of the delegation of authority assigning "Dawn A. Martin" to be the "Special Agent" assigned to be the investigator regaurding Samuel R Bateman.

16. Copy of complete docket for 3:22-cr-08092-DGC and ALL unredacted documents filed into 3:22-Cr-08092-DGC including ALL exhibits entered into the record.

17. Identify the FOREPERSON OF THE GRAND JURY that should have signed their name in Document 23 of aforesaid case.

18. Please provide any rules or authority for the return of the warrant to be filed without the Clerks attestation and seal.

19. Certified copy of the indictment as filed in open court with the typed name and wet ink signature of Grand Jury Foreperson.

20. Provide a witness list of all witness(s) (names, and exact address redacted) that identify the exact venue (county) that each juror was drawn from.

21. Provide the transcript of the Grand Jury Hearing.

22. Copy of written or oral request, on the record, made by Samuel A Bateman for a court-appointed public defender as counsel.

23. Copy of the ORDER appointing Eugene Marquez to represent Samuel R Bateman.

24. Copy of any and ALL "written or oral confessions, admissions, or statements of the Defendant (Bateman) which the Government intends to use during the course of the trial."

25. Copy of the proof of service or certificate of service wherein Samuel R Bateman was provided a copy of the MOTION TO CONTINUE TRIAL AND EXTEND TIME.

If this is a TORT action then where is the injured Party? If this is a COMMERCIAL CRIME then where is the CONTRACT?

-13-

CR-22-08092-001-PCT-DGC
Case No.

SBateman 21338510
1155 N. Pinal Pkwy Ave
Florence, AZ 85132

CERTIFIED MAIL

7022 0410 0001 7636 0643



US POSTAGE ~ PITNEY BOWES

ZIP 85132
02 4W
0000360927 JUL 17 2023
$ 011.41°

Notice
This Correspondence
is mailed
From a Correctional Institution
It's contents are
Uncensored

To Clerk of
US District Court of AZ
401 W. Washington St.
Phoenix, AZ 85003

RECEIVED

JUL 19 2023

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA