JOSE ANTONIO SALDIVAR
State Bar # 022991
Saldivar & Associates, PLLC
2417 N. 24th Street
Phoenix, Arizona 85008
Telephone: 602-314-1340
Facsimile: 602-354-3098
jose@saldivarlaw.com
*Attorney for Defendant*

CINDY CASTILLO
State Bar # 022383
Castillo Law
2025 N. 3rd Street, Suite 150
Phoenix, Arizona 85004
Telephone: 480-206-5204
Facsimile: 602-663-9386
cindy@castillolawphoenix.com
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 3:22-CR-08092-SMB-2 |
| Plaintiff, | |
| vs. | **MOTION FOR RULE 12.2 PSYCHOLOGICAL EXAMINATION** |
| Naomi Bistline | |
| Defendant. | *(The Honorable Susan M. Brnovich)* |

COMES NOW, counsel, and requests this Court order that Ms. Bistline be screened to determine her mental competency to stand trial and for an order that she be given a psychological examination prior to any hearing on the matter, and, further, that the court seal or otherwise insulate the results of the examination pursuant to *Federal Rules of Criminal Procedure*, Rule 12.2(c), and 18 U.S.C. § 4241(a), (b). The following Memorandum of Points and Authorities support this request.

/ / /

/ / /

/ / /

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Facts**

This Motion is based upon the grounds that Ms. Bistline's present mental state is such that she is unable to understand the proceedings relating to her case or of understanding the role and function of a lawyer on her behalf. As a result, she is now unable to meaningfully communicate with, or assist counsel in preparing her defense. The following particularized facts further support this written Motion.

1. During several in-person meetings and telephonic conversations with Ms. Bistline by undersigned counsel, Ms. Bistline does not appear to comprehend the nature of the proceedings against her.

2. Ms. Bistline does not appear to have a logical train of thought when responding to inquiries of defense counsel.

3. Ms. Bistline has minimal long-term memory ability and is easily confused.

4. Ms. Bistline is unable to meaningfully communicate with, or assist counsel in preparing her defense.

5. Whether Ms. Bistline intends to proceed to trial is unknown to counsel and any discussion of the case, the consequences, or the law has not been fruitful or productive.

**II.     Law**

The Due Process Clause of the United States Constitution conclusively forbids exposing a defendant who is mentally incompetent to a criminal trial (providing that no person shall be "deprived of life, liberty, or property, without due process of law.") U.S. CONST. Amend. XIV, § 1; *see also*, *Drope v. Missouri*, 420 U.S. 162, 170, 95 S. Ct. 896, 903, 43 L. Ed. 2d 103 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *Massey v. Moore*, 348 U.S. 105, 108 (1954) ("The requirement of the Fourteenth Amendment is for a

fair trial. No trial can be fair that leaves the defense to a man who is insane . . . and who by reason of his mental condition stands helpless and alone before the court."). Accordingly, due process requires that Ms. Bistline receive a fundamentally fair trial including a "meaningful opportunity to present a complete defense." *See, e.g., United States v. Wills*, 40 F. 4th 330, 335 (5th Cir.), *cert denied*, 214 L. Ed. 2d 264, 143 S. Ct. 464 (2022).

The legal standard for mental competency was established in *Dusky v. United States*, where the Supreme Court noted that in order for the defendant to stand trial, "it is not enough . . . the defendant (is) oriented to time and place and (has) some recollection of events, but that the test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." 362 U.S. 402, 80 S. Ct. 788-789 (1960). A defendant must satisfy both prongs of this test in order to be found mentally competent to stand trial. The *Dusky* standard was subsequently codified at 18 U.S.C. § 4241(a) (providing that an individual is mentally incompetent to stand trial if he presently suffers from a mental disease or defect rendering him unable to understand the nature and consequences of the legal proceeding against him, or is unable to assist properly in his defense).

Moreover, there is an independent affirmative duty upon the defense, government attorney, and the court to inquire into a defendant's mental competence if a good faith basis to question the competency of the defendant exists. *See* 18 U.S.C. § 4241(a) ("if there is reasonable cause to believe" that the defendant may not be competent then there is an affirmative obligation to raise the issue); *see also Pate v. Robinson*, 383 U.S. 375, 385 (1966) ("Where the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial, the judge on its own motion" must hold a competency hearing.). Thus, if a bona fide doubt regarding a defendant's mental competence is raised, the district court must hold a competency hearing, which begins with an evaluation of the defendant's mental competence performed

by a court-appointed qualified mental health professional. *Pate*, 383 U.S. at 385 (noting in the trial court, mental incompetency claims cannot be waived.). *Id.* at 384.

Indeed, at any time after the commencement of a criminal prosecution and during trial, the defendant or the attorney for the government may file a motion for a hearing to determine the defendant's mental competency. *See* 18 U.S.C. § 4241(a); *Drope v. Missouri*, 420 U.S. 162, 181 (1975) ("Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial."). The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a).

A defendant is competent if she has the ability to "understand the proceedings and assist counsel in preparing a defense." *Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997). If a court has reasonable grounds to believe that the defendant may be suffering from a mental disease or defect rendering her mentally incompetent, it may order a psychiatric or psychological examination of the defendant. *See* 18 U.S.C. § 4241(b); *United States v. George,* 85 F.3d 1433, 1437 (9th Cir. 1996) ("If reasonable cause exists, section 4241(a) requires a district court to conduct a competency hearing.").

Rule 12.2(c)(1) addresses and elucidates the authority of the Court to order mental health examinations for a defendant – to determine competency of a defendant to stand trial under 18 U.S.C. § 4241. *See* advisory committee's notes to 2002 amendment. Pursuant to Rule 12.2(c)(1)(B), "[i]f the defendant provides notice under Rule 12.2(b) the court may order the defendant to be examined under procedures ordered by the court." The Rule provides the Court "the discretion to specify the procedures to be used" because no statute sets out the "procedures . . .

for a court-ordered examination on the defendant's mental health condition" (apart from raising an insanity defense). Fed. R. Crim. P. 12.2(c)(1) advisory committee's note to 2002 amendment. In deciding what procedures are appropriate, "the court may certainly be informed by other [statutory] provisions [that] address hearings on a defendant's mental condition." *Id.* (citing 18 U.S.C. § 4241, *et seq.*).

Psychiatric or psychological examinations of the defendant ordered pursuant to 18 U.S.C. § 4241(a) and (b) are to be conducted pursuant to the provisions of section 4247 (b) and (c). Section 4247(b) provides that the Court may order that the competency evaluation be performed locally and may appoint one or more local mental health professionals to conduct a mental competency evaluation. Alternatively, the court may "commit the person to be examined for a reasonable period . . . to the custody of the Attorney General for placement in a suitable facility." The statute requires that, if an examination is ordered, the examiner "shall be designated by the court" and conducted within "a reasonable time, but not to exceed thirty days" subject to a fifteen-day extension upon a showing of "good cause." *See* 18 U.S.C. § 4247(b). The statute further requires that the mental health examination shall be conducted by a "licensed or certified psychiatrist or psychologist." *Id.*

In this case, the defense counsel requests that Ms. Bistline be examined by a court appointed qualified mental health expert at a federal medical facility, as is common for court-ordered examinations of a defendant's mental health condition. *See* 18 U.S.C. § 4247(b); Fed. R. Crim. P. 12.2(c)(1) advisory committee's note to 2002 amendment.

Following the last two in-person legal visits as well as subsequent telephonic discussions conducted with Ms. Bistline by defense counsel, the defense counsel has serious concerns regarding Ms. Bistline's ability to rationally assist in her defense. During two of the last in-person legal visits with Ms. Bistline, she has demonstrated an inability to rationally assist her counsel in her defense. For example, in conversations with defense counsel, Ms. Bistline was often non-responsive or

completely off-topic when responding to questions concerning the facts of her case, the laws which will govern the jury or the trial exposure she is facing in her case.

Presently, Ms. Bistline is unable to assist counsel in a rational discussion of her case and defense, which causes reason for concern regarding Ms. Bistline's mental health condition.

## III.    Conclusion

Therefore, undersigned counsel requests that the Court conduct further competence hearings and to appoint a qualified mental health expert, pursuant to Rule 12.2(c), to examine Ms. Bistline's mental health status and to testify regarding her current mental health condition and her mental competency to stand trial. Further, undersigned counsel respectfully requests that the court seal or otherwise insulate the results of the examination pursuant to *Federal Rules of Criminal Procedure*, Rule 12.2(c), and pursuant to 18 U.S.C. § 4241(a), (b).

Excludable delay under 18 U.S.C.A. § 3161(h)(1)(A) will occur as a result of this Motion or of an order based thereon. Pursuant to L.R. Crim. 12.2.

RESPECTFULLY SUBMITTED this 1st day of August, 2023.

*/s/ Jose Antonio Saldivar*
Jose Antonio Saldivar
*Attorney for Defendant*

*/s/ Cindy Castillo*
Cindy Castillo
*Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2023, I filed the Original with the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/CEF registrants:

Dimitra Sampson, Esq.
Dimitra.Sampson@usdoj.gov
*Assistant U.S. Attorney*

Jillian Besancon, Esq.
Jillian.Besancon@usdoj.gov
*Assistant U.S. Attorney*

Mailed to chambers:

The Honorable Susan M. Brnovich
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 526
401 West Washington Street, SPC 19
Phoenix, AZ 85003-2151


*/s/ Jose Antonio Saldivar*
_____
Jose Antonio Saldivar