### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. 3:22-cr-08092-SMB |
| Plaintiff, | ) | |
| | ) | August 8, 2023 |
| vs. | ) | 1:04 p.m. |
| | ) | |
| (1) Samuel Rappylee Bateman, | ) | **AMENDED** |
| (2) Naomi Bistline, | ) | |
| (3) Donnae Barlow, | ) | |
| (4) Moretta Rose Johnson, | ) | |
| (5) Josephine Barlow, | ) | |
| (6) LaDell J. Bistline, | ) | |
| (7) Brenda Barlow, | ) | |
| (8) Marona Johnson, | ) | |
| (9) Leia Bistline, | ) | |
| (10) Torrance Bistline, | ) | |
| (11) Leilani Barlow, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**BEFORE:   THE HONORABLE SUSAN M. BRNOVICH, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**STATUS CONFERENCE**

Official Court Reporter:
Christine M. Coaly, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 37
Phoenix, Arizona 85003-2151
(602) 322-7248

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

<strong>A P P E A R A N C E S</strong>

For the Plaintiff:
    U.S. ATTORNEY'S OFFICE
    By:  **Ms. Dimitra H. Sampson, Esq.**
        **Ms. Lindsay L. Short, Esq.**
        **Mr. Ryan Powell, Esq.**
        **Ms. Jillian Besancon, Esq.**
    2 Renaissance Square
    40 N Central Ave., Ste. 1800
    Phoenix, AZ 85004

For Defendant Samuel Bateman:
    MARQUEZ LAW OFFICES
    By:  **Mr. Eugene Marquez, Esq.**
    Advisory Counsel
    925 W Baseline Rd., Ste. 105-255
    Tempe, AZ 85283

For Defendant Naomi Bistline:
    SALDIVAR & ASSOCIATES PLLC
    By:  **Mr. Jose A. Saldivar, Esq.**
    2417 N 24th St.
    Phoenix, AZ 85008

For Defendant Donnae Barlow:
    LAW OFFICE OF SANDRA K HAMILTON
    By:  **Ms. Sandra K. Hamilton, Esq.**
    1641 E Osborn Rd., Ste. 8
    Phoenix, AZ 85014-5722

For Defendant Moretta Rose Johnson:
    WALLIN LAW FIRM PLLC
    By:  **Mr. D Stephen Wallin, Esq.**
    1641 E Osborne Rd., Ste. 8
    Phoenix, AZ 85016

For Defendant Josephine Barlow Bistline:
    LAW OFFICE OF MARK J ANDERSEN
    By:  **Mr. Mark J. Andersen, Esq.**
    Advisory Counsel
    455 W Orchard Way
    Gilbert, AZ 85233

UNITED STATES DISTRICT COURT

**A P P E A R A N C E S**

For Defendant LaDell J. Bistline, Jr.:
 LAW OFFICE OF TONY ROLLMAN
 By:  **Mr. Tony Rollman, Esq.**
 P.O. Box 26545
 Prescott Valley, AZ 86312

For Defendant Brenda Barlow:
 BERNARD LAW OFFICE
 By:  **Mr. Gillmore B. Bernard, Esq.**
 P.O. Box 13568
 Phoenix, AZ 85002

For Defendant Marona Johnson:
 BLACKWELL LAW OFFICE PLLC
 By:  **Mr. Jocquese L. Blackwell, Esq.**
 P.O. Box 13568
 Phoenix, AZ 85002

For Defendant Leia Bistline:
 LAW OFFICE OF LOYD C TATE
 By:  **Mr. Loyd C. Tate, Esq.**
 1921 S Alma School Rd., Ste. 112
 Mesa, AZ 85210

For Defendant Torrance Bistline:
 KATHY HENRY & ASSOCIATES
 By:  **Ms. Kathy L Henry, Esq.**
 3100 W Ray Rd., Ste. 291
 Chandler, AZ 85226

For Defendant Leilani Barlow:
 BRAD MILLER LAW LLC
 By:  **Mr. Bradley L. Miller, Esq.**
 3377 S Price Rd., Ste., 2042-A
 Chandler, AZ 85248

**P R O C E E D I N G S**

COURTROOM DEPUTY:  On the record in criminal docket 22-8092, United States of America versus Samuel Rappylee Bateman and others, before the Court for a status conference.

MS. SAMPSON:  Good afternoon, Your Honor.  Dimitra Sampson appearing on behalf of the United States, and at counsel table also is Jillian Besancon, Lindsay Short, and Ryan Powell.

THE COURT:  Okay.

MR. MARQUEZ:  Good afternoon, Your Honor.  Eugene Marquez appearing as advisory counsel for Mr. Bateman.  He is present and seated to my left.

THE COURT:  Mr. Bateman, would you state your full name.

THE DEFENDANT:  If you can present the documents with my name on there, then I'd be glad to -- to accept that, but I don't want to say my name because then they'll use that on my strawman name and --

THE COURT:  Mr. Bateman, we've already had you in court where you told me your name.

THE DEFENDANT:  Yes, and if you can show me those documents, then I'll --

THE COURT:  I don't know what documents you're referring to.

THE DEFENDANT:  Just the charging documents.

THE COURT:  Okay.  I will get you another copy of the indictment.

THE DEFENDANT:  Okay.  But I -- I'm not trying to be dumb, I just know what's going to happen.  You're going to use that all caps name and take money out of my cestui que account using the Miller Act and forms 273, 274, 275, and I just don't want you to do it.

THE COURT:  Okay.  This case has nothing to do with money.

THE DEFENDANT:  Actually, then why does the indictment say a bill, this is a bill?

THE COURT:  Okay.  Have a seat.

Counsel.

MR. BLACKWELL:  Thank you, Judge.

Your Honor, Jocquese Blackwell on behalf of Ms. Marona Johnson, who is present standing next to me at the table.

THE COURT:  And, ma'am, would you state your full name.

THE DEFENDANT:  Marona Johnson.

THE COURT:  Thank you.  You can have a seat.

MR. SALDIVAR:  Good afternoon, Your Honor.  Jose Saldivar representing Ms. Naomi Bistline, who is to my left.

THE COURT:  Okay.  Would you -- I'm sorry, can you have her state her name, please.

THE DEFENDANT:  Naomi Bistline.

THE COURT:  Thank you.

MS. HAMILTON:  Good afternoon, Your Honor.  Sandra Hamilton with Donnae Barlow, who is present.

THE DEFENDANT:  Donnae Barlow.

THE COURT:  Thank you.

MR. WALLIN:  Good afternoon, Your Honor.  Steve Wallin representing Moretta Rose Johnson, who is in custody standing to my left.

THE DEFENDANT:  Moretta Rose Johnson.

THE COURT:  Okay.

MR. ANDERSEN:  Good afternoon, Your Honor.  Mark Andersen as advisory counsel for Josephine Bistline.

THE COURT:  Ma'am, would you state your name.

THE DEFENDANT:  Not as a strawman.

THE COURT:  Okay.  Again, Ms. Bistline, we've already had you in court where you told me your name.

Okay.  You two have to understand that if you don't want to tell me who is appearing in court, then I may revoke your ability to represent yourself, because I can't have an unknown entity representing someone.

Move on.

MR. ROLLMAN:  Good afternoon, Your Honor.  Tony Rollman for LaDell Bistline, who is standing next to me and to my left in custody.

THE DEFENDANT:  LaDell Jay Bistline, Jr.

THE COURT:  Thank you.

MR. MILLER:  Good afternoon, Your Honor.  Brad Miller for Leilani Barlow, who is in custody standing to my left.

THE DEFENDANT:  Leilani Barlow.

THE COURT:  Thank you.

MS. HENRY:  Good afternoon, Your Honor.  Kathy Henry appearing on behalf of Torrance Bistline, who is sitting.

THE DEFENDANT:  Torrance Clane (phonetic) Bistline.

THE COURT:  Okay.  Thank you.

MR. TATE:  Good afternoon, Your Honor.  Loyd Tate on behalf of Leia Bistline, who is standing to my left.

THE DEFENDANT:  Leia Joe Bistline.

THE COURT:  Okay.

MR. BERNARD:  Good afternoon, Your Honor.  Gillmore Bernard for Brenda Barlow, who is in custody to my left.

THE DEFENDANT:  Brenda Lisa Barlow.

THE COURT:  Okay.  Thank you.

All right.  This hearing is solely set for the issue of addressing the scheduling order which was issued in February when, I believe, only four or five of the defendants had been arrested and arraigned.  And now we have all of them, so the Court wants to address the scheduling order to see if it's realistic at this point or needs to be amended.

Ms. Sampson, from the government's position.

MS. SAMPSON:  Your Honor, thank you.

Obviously, the government will be prepared to proceed to trial whenever the Court schedules it.  I did attempt to confer with defense counsel on this issue.  Many counsel responded indicating they did not believe the March date was realistic.  We would not have any objection to a continuance, but I would defer to defense counsel on their availability and readiness and when that might be.

THE COURT:  Okay.  Mr. Bateman, I'm going to skip you for the time being.

Mr. Saldivar.  Sorry.  I have you in a different order on my list.  I'm sorry.

MR. SALDIVAR:  Your Honor, I -- as you know, I'm waiting for an examination to be conducted in my case, so we're working on that.  We would need additional time to prepare for Ms. Bistline's defense.

THE COURT:  So it's your position that March is not a realistic trial date?

MR. SALDIVAR:  That's correct.

THE COURT:  Okay.  Ms. Hamilton.

MS. HAMILTON:  Thank you, Judge.

It's also our position that March is not a realistic trial date either.  I have a capital case starting in September that's set to go through March, and we have just received a voluminous amount of new discovery and anticipate more coming.

THE COURT:  Okay.  Mr. Wallin.

MR. WALLIN:  Steve Wallin representing Moretta Rose Johnson.

Likewise, I don't think the March trial date is realistic.  I echo what Sandy just said about the recent batch of discovery and anticipating quite a bit more, many terabytes of additional discovery.  The government says a lot of that may or may not be terribly relevant, but, I mean, we do have an obligation to go through it rather than simply take the government's word for it.

And they have been -- I appreciate the government's efforts to kind of direct us to you want -- you might want to focus looking at this, or this, or this, and we appreciate that, encourage that, but we really, if we're going to go to trial on this, there is a lot of work to be done.

THE COURT:  And since you're with the microphone, I know the government said that they attempted to confer with defense counsel.  Have you conferred with any other counsel about a potential realistic trial date?

MR. WALLIN:  Well, we had an exchange of e-mails is what we had, Your Honor.  And I think the consensus was that -- and this was maybe a couple of weeks ago.  The consensus was that since we got a lot more discovery that we don't have yet, and the new indictment, the second superseding indictment is for -- it's new to some people, and considerably more extensive for others, the consensus was among the defense counsel --

defense bar that it's really almost quite difficult to even set a realistic trial date at this juncture.

So, if you want to ask me my thoughts on that, I'll be glad to give them to you, but there was some reluctance to let ourselves be nailed down, I think is fair to say.

THE COURT:  All right.  Mr. Rollman, do you have anything different to add?

MR. ROLLMAN:  Your Honor, the only thing I would add is that until all of the discovery is revealed to us, we don't know what we don't know, and it would be impossible for us to anticipate a trial readiness date when we don't even know what's still out there to be received and reviewed.  It's impossible to even determine how long it will take to review that discovery until we actually receive the discovery.

THE COURT:  And have you, with other counsel, or with the government, discussed the deadlines that are currently set, the discovery deadlines and --

MR. ROLLMAN:  I do believe there has been a discussion about that.  There has been some talk about several terabytes of data that is still coming.  I don't know when that will be actually made available to defense counsel, but I understand that that is something that is in process.

There is a logistical issue of the discovery being provided to defense counsel, in that there was -- the initial anticipated storage requirement was a 25 terabyte hard drive,

which are difficult to find and unduly expensive.  I looked and found one for $11,000.  I have not been able to find anything else besides that one.

There has been discussion about possibly breaking it down into several seven terabyte hard drives, but that's the last I heard about that.  I don't know when that's going to happen or how that's going to happen.

THE COURT:  Okay.  Mr. Wallin.

MR. WALLIN:  Your Honor, we had -- some of us have had some discussions, including yesterday we had a conference with the Ninth Circuit budgeting attorney about possibly -- about a variety of things, including sharing paralegals, sharing experts, and possibly hiring a company such as Invendica to host it, to host the discovery.  Those discussions are still kind of in the preliminary stage, but we are working on it.  I just thought the Court would like to know.

THE COURT:  Okay.  I had that in the back of my mind.

Okay.  Mr. Bernard, you're next on my list.

MR. BERNARD:  Yes.  Good afternoon, Judge.

I echo the sentiments of all the defense bar.  I believe the only thing that hasn't been discussed is I think some of the discovery that is outstanding is electronic, Cellebrite data, which we would need an expert to review.  So I think that might put an extra time frame on that as well.

THE COURT:  Okay.  Mr. Tate.

MR. TATE:  Judge, I don't have anything to add.  I agree with --

THE COURT:  Okay.

MR. TATE:  -- everybody else.

THE COURT:  Ms. Henry.

MS. HENRY:  Likewise, Your Honor, I don't have anything to add.  I agree with everyone else.

THE COURT:  Okay.  Mr. Miller.

MR. MILLER:  Your Honor, even understanding the difficulties with all of the discovery, my client still would like to voice to the Court she'd like to exercise her speedy trial right, but we do understand all of the very difficult issues we're going through at this point.

THE COURT:  Okay.  Thank you.

MR. MILLER:  Thank you.

THE COURT:  And can you hand that back to Mr. Blackwell.

MR. BLACKWELL:  I have a mic right here, Your Honor.

I will echo everything else that the defense said, and the government, as it pertains to the discovery.  It's a voluminous amount of discovery, and so we cannot put -- from my perspective, I couldn't put a date on when we would be ready for trial until we get it all.

THE COURT:  Okay.  Mr. Bateman, do you want to be heard on this issue?

13

DEFENDANT BATEMAN:  Yes.  I'd like to ask a few questions, if that's all right.

THE COURT:  You can ask them.  I don't know if I'll answer them.

DEFENDANT BATEMAN:  You don't know if you'll answer them.

One of the questions I'm wondering is are we presumed innocent, all of us here?

THE COURT:  Of course you are.

DEFENDANT BATEMAN:  Okay.  So just, on record, so that we're all presumed innocent of every element of every alleged crime?

THE COURT:  The government has to prove it beyond a reasonable doubt, yes.

DEFENDANT BATEMAN:  Okay.  Wonderful.

I actually have several other things that I'd like to ask if that's --

THE COURT:  No.  This is only about scheduling, this hearing.  There are other --

DEFENDANT BATEMAN:  Excuse me.

THE COURT:  There are other things pending which I'll handle separately.  This is only to discuss the scheduling.

DEFENDANT BATEMAN:  Okay.  Very well.  Thank you.

THE COURT:  So do you have any objection to a revised scheduling order which would push off the trial?

DEFENDANT BATEMAN:  No.

THE COURT:  All right.  Ms. Bistline, Josephine.

THE DEFENDANT:  I would also like to go through the discovery, so...

THE COURT:  So do you have any objection to amending the scheduling order?

THE DEFENDANT:  No.

THE COURT:  All right.  So what I'm going to do is order -- because there is currently a scheduling order in place, Doc. 57, which sets deadlines, not only for the government, but for defendants' disclosures, which I presume, based on what everybody has told me, the defendants aren't ready to start disclosure as fast as this order says.

So by September 1st I'm going to request that the government submit a new proposed scheduling order after consulting with the defendants and their counsel.  And, I guess, if there is any objections, include that in the scheduling order.  So I won't vacate the current scheduling order until we have a new one.

Does anybody have any questions about the issue of scheduling?

DEFENDANT JOSEPHINE BISTLINE:  I wanted to ask for an order that we can -- we can study as co-defendants together.

THE COURT:  You can put that in writing.

DEFENDANT JOSEPHINE BISTLINE:  In writing?

15

THE COURT:  Yep.

Anybody have any questions about scheduling?

(No response.)

THE COURT:  I don't see any other hands, so this hearing is at recess.  Thank you.

(Proceedings concluded at 1:19 p.m.)

*          *          *

UNITED STATES DISTRICT COURT

16

C E R T I F I C A T E


        I, CHRISTINE M. COALY, do hereby certify that I am

duly appointed and qualified to act as Official Court Reporter

for the United States District Court for the District of

Arizona.

        I FURTHER CERTIFY that the foregoing pages constitute

a full, true, and accurate transcript of all of that portion of

the proceedings contained herein, had in the above-entitled

cause on the date specified therein, and that said transcript

was prepared under my direction and control.

        DATED at Phoenix, Arizona, this 20th day of October,

2023.




                        /s/ Christine M. Coaly_____
                        Christine M. Coaly, RMR, CRR