# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-08092-006-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| LaDell Jay Bistline, Jr., et al., | |
| Defendants. | |

Pending before the Court is the Government's Motion in Limine to Admit Statements of Co-Conspirator Samuel Bateman (Doc. 645). The Court has considered the Motion, Response, and arguments of counsel at the Final Trial Management Hearing and will deny the Motion subject to foundational evidence at trial.

The Government seeks to admit statements of co-conspirator Samual Batemen at trial, which includes statements made at two different times to filmmakers about the "Atonement" and statements he made is his personal journal. Defendant Bateman had two filmmakers record his day-to-day activities. He wanted to expand his reach by allowing the public to see him in action. However, he did ask the filmmakers to keep private the sexual nature of his relationship with his child brides. Defendant Bateman's personal journal was called the "Priesthood Record" and the Government claims it was maintained as part of the conspiracy. Defendant Batemen would read from the journal out loud to his followers, so they all knew about the journal. When the FBI searched Bateman's homes, an adult wife smuggled the journal out in her underwear. Defendant Torrance Bistline tried

to collect the journal so he could bury it.

The Government seeks to introduce these statements under Federal Rules of Evidence 801(d)(2)(E) and 807. Rule 801(d)(2)(E) says that a statement is not hearsay if it is offered against an opposing party and was made by the party's coconspirator during and in furtherance of the conspiracy. Defendants concede that the statements were made during the time of the alleged conspiracy but argue they were not made in furtherance of the conspiracy. Because the Court is unaware of the exact statements sought to be introduced, the Court is unable to assess if they were made in furtherance of the conspiracy. The Defendants included one entry from the journal talking about a day in 1982, which presumably has nothing to do with the facts of this case. Therefore, the Court cannot determine at this time what statements would be admissible.

The Defendants also argue the statements are inadmissible under the Confrontation Clause pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004) and *Bruton v. United States*, 391 U.S. 123 (1968). In *Crawford*, the United States Supreme Court held that the Confrontation Clause prohibits the use of out of court statements by witnesses that are testimonial in nature. 541 U.S. at 68. The Confrontation Clause does not bar nontestimonial hearsay and may be admitted pursuant to hearsay law. *Id.* Likewise, in *Bruton*, the Court "held that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 207 (1987) (citing *Bruton*, 391 U.S. at 135–36). However, "only testimonial codefendant statements are subject to the federal Confrontation Clause limits established in *Bruton*." *Lucero v. Holland*, 902 F.3d 979, 988 (9th Cir. 2018).

The Government argues that the Bateman statements they seek to admit at trial are nontestimonial, so are not barred by *Crawford* or *Bruton*. The Court agrees. As the Ninth Circuit has recognized, the test for determining if a statement is testimonial or not is the "primary purpose" test. *Lucero*, 902 F.2d at 989. "[T]he question is whether, in light of

all the circumstances, viewed objectively, the 'primary purpose' of the conversation was to 'creat[e] an out-of-court substitute for trial testimony.'" *Ohio v. Clark*, 576 U.S. 237, 245 (2015) (alteration in original) (quoting *Michigan v. Bryant*, 562 U.S. 344, 358 (2011)). The Bateman statements the Government wishes to introduce, if in furtherance of the conspiracy, are nontestimonial. The statements made to filmmakers were intended for Bateman's use to improve his public influence and the journal statements were intended to be used internally. Neither were made in anticipation of a criminal prosecution. Indeed, the Defendants and Bateman took steps to avoid criminal prosecution and to hide their activities from the filmmakers and police.

The Court finds that these statements are non-hearsay and not testimonial and would be admissible if the Government presents evidence that the statements were made in furtherance of the conspiracy and provides foundation for the statements. However, because the Court doesn't know the statements the Government seeks to admit, it cannot determine at this time what statements would be admissible.

**IT IS ORDERED** denying Government's Motion in Limine to Admit Statements of Co-Conspirator Samuel Bateman (Doc. 645).

Dated this 28th day of August, 2024.

Honorable Susan M. Brnovich
United States District Judge

- 3 -