FILED ___ LODGED
RECEIVED ___ COPY
JUN 2 0 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

In the United States District Court
For the District of Arizona

CR-22-08092-PCT-SMB-1

Samuel Bateman                     Case No. _____
    Petitioner/defendant
vs.                                Motion to Withdraw
United States of America           from state
    Respondant/Plaintiff          Contract

State of California        Below is true to the
County of Adelanto         best of my knowledge. 1746

   The above named defendant, pro-se and without counsel is requesting to withdraw his plea of guilty under the federal rules of civil proceedure, and under contract law in the state of Arizona.
   The defendant entered into a contract with The United States Attorneys office where he agreed to a 600 month sentence. The contract was entered into without factual basis to the alleged charges. It's apparent from the record and the lack of conversation with his prior attorney's that guilty was not knowingly, voluntarily, or intelligently made, that his plea of guilty deprived him his rights to a public trial. Mr. Bateman would never have plead guilty had he knew he would be in prison for life. The odds are/and were better had he proceeded to trial.
   The defendants age of 49 with a

(1)

50 year sentence make him never eligible to be released and his sentence even undermines the 30 year cap under the First Step Act provision as extraordinary prior to his plea the defendant requested <u>all</u> audio, dash-cam video, police and body videos, the 9-1-1 calls all statement by the local and federal government, log reports ALL affidavits in support of his arrest warrants, his plea was in violation of Strickland v. Washington 466 104 S.Ct 2052 80 led Ed 2d 674 (Quoting United States v. Chronic and the totality of evidence against the defendant, amounted to:

Illegal survellance by local and federal authorities and journals from participants, not victims, and under state rules of evidence his case would have been thrown-out. Interesting, the government weighed heavily on tainted evidence see Wong Sung v. United States. The government had no forensic evidence [DNA] that could implicate their theory.

The government must have had some independent corroboration they did not comply with complaint clause as defined under Phoenix revised statute, nor did it comply with the out of court unsworns written decleration clause, nor did it comply with the affidavit deperate statutes clause. The very fact that Mr Bateman never reviewed any discovery he asked for voids his conviction and violate his Rule (11) hearing. Factual Basis is lacking mensrea. There was no intent when the fact is, if anything happened [which it did not]

(2)

The story would be that females who believe Mr. Bateman to be a prophet wanted to bear children by a divine person.

The decision was based on false promises and threats. The defendant was not given the opportunity to view a 50 year consequences when these consequences involved a death sentence. See INS v. St CYR 533 US 289 322-323, this is certainly an unusual circumstance and there is a reasonable probability that Mr. Bateman would have rejected any contract to plead guilty had he known he was facing a life sentence. There's no doubt that three different attorneys in a short period lays out a conflict of interest defence for Mr. Bateman.

A defendant has the burden of demonstrating that there was a fair and just reason for withdrawing his plea. See United States v. Jones 472 F3d 1136 9th cir 2007. The defendant has shown that his rule (11) colloquies was inadequate and that his attorneys were ineffective in several ways, for one, the advice concerning the contract between the defendant and the US attorney was erroneously given to the defendant. Based on case law doctrine would be a

(3)

a straight forward reason for withdraw, see United States v. Davis 429 F3d 802 9th Cir (quoting erroneously given advice rise to a level requiring the court to withdraw his federal sentence.

Mr. Bateman contends his plea was not intelligently, knowingly, nor was it voluntarily made, thats because "All three" of them had a conflict with the defendant because he was charged with being a child molester and a religious cult leader, he "the defendant" was being pressured and threatened by his attorneys, and his attorneys were communicating information to the government violating confidental client/attorney clause.

Mr. Bateman was very persistant that despite several females making fabricated story about him he wanted to remain silent and prove his innocence.

From the beggining his case from the start to was nothing more than a witch hunt targeting Mr. Bateman and his former companions compounded with testimony from participants who made them NOT under oath.

Mr. Bateman submitted emails and text messages from females to be introduced as evidence of his innocence but this court was never made aware of any situation

(4)

about an alibi defence. All his attorneys would argue was for a plea of guilty (see Louisiana v. Mccoy) a defendant has some say about his defense no matter what his attorneys say. It can hardly be said that his plea was strategic. A life sentence.

For sure the Court will say Mr. Bateman pleaded guilty and confessed. He admits he plead guilty but his plea was for one reason only, not because he was guilty but because for two years he was assaulted by inmates and staff, he wanted to move forward. Even the local and national TV's were reporting he was a child molester, rapist, cult leader, which led to physical assaults.

This is not your typical case of ineffective assistance of counsel case, this was, from the beginning "A" conflict of interest case." Children were allegedly raped and molested under the umbrella of "god" (god told these females that they belonged to Mr. Bateman

(5)

This case involves mothers' and daughters and sisters who all proclaimed that Mr. Bateman was their Prophet and would go to any length to be accepted into Gods Kingdom if believed.

    Plea Agreement amounts to and should be interpreted as a contract under <u>state</u> contract law, see Rickett v. Anderson, 482 U.S.1 5 ? 3 107 S. Ct. 2680, 97 Led 2d1 1987. The construction of a plea agreement and concomitant state enters into a plea agreement it is held to the most meticulous standards or both promises and performance.

    A court "initially determines whether the language of the contract is unambiguous, if it is the contract will be enforced as written see AM First Fed Credit Union v. Solo 131 Nev. 737 739 359 p.3d 105, 2015) (quoting)(Davis v. Beling 128 Nev 301 278 p.3d 501 515 (2012) "[AS] a defendants liberties is at stake, The government is ordinarily held to literal terms of the plea agreement it made, see United States v. Packwood 848 F.2d 1009, 1012 (9th Cir 1988) So that it's the government gets what it bargin for but nothing more. United States v. Transfigure Action 442, F3d 1222 1228 (9th Cir 2006) citing United States v. Povitt 32 F.3d 431 433 9th

1984. The government is usually the drafter it must bear the responsibilities for any lack of clarity. See United States v. Franco-Lopez 312 F.3d 984 9th Cir 2002 ("Stating that ambiguities in the plea agreement are construed in favor of the defendant) see also United States v. Dela Fuenta 8 F.3d 1333 9th 1993. Makes sence in light of the parties respective barganing process. (Guilty pleas and agreement are subject to Geneva Contract principles State v. Couckett, 110 Nev. 838 842 877 1994.

In withdrawing his guilty plea the defendant had always told his attorney he was not guilty, but he insists he was severely pressured into doing so. A guilty plea cannot be induced by misrepresentation, see Sinnon 894 F.2d A 638 (quoting Brady vs. United States 397 US 742 1970 ("We have also held that a defendant who pleads guilty in reliance on his attorneys gross misclarification of a likely outcome of his case may be entitled to withdraw the plea on ineffective assistance of counsel.

In this case the defendant continuously told his attorneys he wanted

(7)

to be provided with the legal complaint that had all the essential facts constituting the public offense; not even an unsworn statement was ever provided, furthermore, even if his attorneys had provided any statement they would not comply with the Affidavit Statutes in the state of Arizona.

Jurisdiction the defendant lastly argues this under United States v. Borden. Personal and subject matter are lacking in this matter. The defendant was charged in a Federal forum using state contract law. This court lacked jurisdiction under contracting principles where he's entitled to dissolve the current contract.

Executed on this 15th day of June, 2025.

x _____B._____

P.O. Box 3900
Adelanto, CA 92301

(8)