THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CIVR 5.4
(Rule Number/Section)

Sameul Bateman
Office of Bateman
PO Box 2183
Colorado City, AZ 86021

Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

United States of America,
Plaintiff

vs.

Samuel R Bateman,
Defendant

Case No. 22-cr-08092-SMB

**MOTION TO WITHDRAW GUILTY PLEA**

## TABLE OF AUTHORITIES

**Cases**

- *Brady v. United States*, 397 U.S. 742 (1970)
- *Hill v. Lockhart*, 474 U.S. 52 (1985)
- *McCoy v. Louisiana*, 584 U.S. 414 (2018)
- *Ricketts v. Adamson*, 483 U.S. 1 (1987)
- *Strickland v. Washington*, 466 U.S. 668 (1984)
- *United States v. Chronic*, 466 U.S. 648 (1984)
- *United States v. Cotton*, 535 U.S. 625 (2002)
- *United States v. Davis*, 428 F.3d 802 (9th Cir. 2005)
- *United States v. Dominguez Benitez*, 542 U.S. 74 (2004)

- 1 -

MOTION TO WITHDRAW GUILTY PLEA                         CASE NO. 22-CR-08092-SMB

- *United States v. Franco-Lopez,* 312 F.3d 984 (9th Cir. 2002)
- *United States v. Jones,* 472 F.3d 1136 (9th Cir. 2007)
- *United States v. Packwood,* 848 F.2d 1009 (9th Cir. 1988)

**Statutes**

- 18 U.S.C. § 2423(a)
- 18 U.S.C. § 1201(a)(1)

**Constitutional Provisions**

- U.S. Const. amend. V (Due Process Clause)
- U.S. Const. amend. VI (Right to Counsel)

**Rules**

- Fed. R. Crim. P. 4 (Warrants)
- Fed. R. Crim. P. 11 (Pleas)
- Fed. R. Crim. P. 11(d)(2)(B) (Withdrawal of Plea)

**INTRODUCTION**

Defendant **Samuel Rappylee Bateman**, appearing **pro se**, respectfully moves this Court to withdraw his guilty plea pursuant to **Federal Rule of Criminal Procedure 11(d)(2)(B)**. A defendant may withdraw a guilty plea before sentencing if he can demonstrate a "fair and just reason" for the request. Here, withdrawal is justified because:

1. The plea resulted from **ineffective assistance of counsel** under the Sixth Amendment;
2. The plea was **not knowing, voluntary, or intelligent** as required by Rule 11 and constitutional due process;
3. **Jurisdictional defects** deprived the Court of authority to accept the plea; and
4. The **Government breached the plea agreement** and introduced matters beyond the indictment.

## LEGAL STANDARD

A guilty plea may be withdrawn prior to sentencing upon a showing of a "fair and just reason." *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007). Reasons that satisfy this standard include ineffective assistance of counsel, lack of voluntariness, or jurisdictional infirmities. See *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Davis*, 428 F.3d 802 (9th Cir. 2005).

## ARGUMENT

### I. Ineffective Assistance of Counsel Deprived Defendant of a Fair Proceeding

- Under *Strickland v. Washington*, counsel is ineffective when performance falls below an objective standard of reasonableness and prejudices the defendant.
- Defendant's counsel induced a guilty plea **without reviewing discovery** or investigating defenses, contrary to *United States v. Chronic*, 466 U.S. 648 (1984).
- The transcript shows Defendant objected to the wording of the plea agreement (Docket 521, TR 39:4-6; TR 58:17-23). Despite this, counsel pressured him into accepting the plea and affirmatively told the Court his client was guilty. This directly violated *McCoy v. Louisiana*, 584 U.S. 414 (2018).
- Counsel also stipulated to an **illegal mandatory minimum of 20 years**, even though the statutes (18 U.S.C. §§ 2423(a), 1201(a)(1)) do not require such a minimum. Only Congress may set penalties.

Had counsel performed competently, Defendant would have proceeded to trial. See *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### II. Defendant's Plea Was Not Knowing, Voluntary, or Intelligent

- A guilty plea must be entered knowingly, voluntarily, and intelligently. *Brady v. United States*, 397 U.S. 742, 748 (1970).
- Defendant never reviewed discovery prior to entering the plea.
- Defendant objected to the factual basis, yet was pressured to accept it.
- The Rule 11 colloquy failed to cure these defects. See *United States v. Dominguez Benitez*, 542 U.S. 74 (2004).

## III. Jurisdictional Defects Render the Plea Void

- Defendant was arrested on **September 13, 2022**, yet the warrant was not filed until **November 1, 2022**—a 73-day delay—in violation of Fed. R. Crim. P. 4.
- The indictment was limited to the District of Arizona, yet evidence from other states was introduced without amendment. Jurisdiction cannot be conferred by consent. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

## IV. The Government Breached the Plea Agreement

- Plea agreements are construed as contracts. *Ricketts v. Adamson*, 483 U.S. 1, 16 (1987).
- The Government went beyond the terms of the agreement by introducing uncharged allegations and inflating sentencing exposure.
- Any ambiguities must be construed against the Government as drafter. *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002); *United States v. Packwood*, 848 F.2d 1009, 1012 (9th Cir. 1988).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

1. **Grant withdrawal of his guilty plea** under Fed. R. Crim. P. 11(d)(2)(B);
2. **Vacate the plea and restore the case to trial posture;** and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 4, 2025

Samuel Bateman, Defendant
Pro Se

# Certificate of Service

I hereby certify that on this **4th day of September, 2025**, I caused a true and correct copy of the foregoing **Motion to Withdraw Guilty Plea** to be sent to the Clerk of the Court and served by **first-class U.S. mail, postage prepaid**, upon:

**Dimitra Hotis Sampson**

Office of the United States Attorney

District of Arizona

2 Renaissance Square

40 N Central Ave., Ste 1800

Phoenix, AZ 85004-4408

Dated this 4, day of September 2025.

Respectfully submitted,

Samuel Bateman, Pro Se